UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINDA D. LLOYD | Case Number |
| Plaintiff | |
| | CIVIL COMPLAINT |
| vs. | |
| MONARCH RECOVERY MANAGEMENT, INC. | JURY TRIAL DEMANDED |
| Defendant | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Linda D. Lloyd, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1.  Plaintiff, Linda D. Lloyd, (hereafter, Plaintiff), is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2.  Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant has a primary location in this District.

### III. PARTIES

4. Plaintiff, Linda D. Lloyd, (hereafter, Plaintiff) is an adult natural person residing in Pacific Grove, CA. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Monarch Recovery Management, Inc. (hereafter, Defendant) at all times relevant hereto, is and was a corporation, engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of California, with a principal place of business located at 10965 Decatur Road, Philadelphia, PA 19154.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. On or about September 11, 2012, Plaintiff along with assistance from the debt settlement agency that she was working with entered into a debt settlement arrangement with the Defendant on a debt allegedly owed to Citibank on a Home Depot credit card.

8. The arrangement was set up with Defendant's agent, "Dara Welsh".

9. Plaintiff was said to owe a debt of approximately $775.40.

    10.    The Defendant offered the Plaintiff the opportunity to settle the account for $310.16.

    11.    Plaintiff agreed to make four (4) monthly payments starting on or before September 27, 2012, the first in the amount of $20.00.

    12.    Followed by the second and third payment due on or before October 25, 2012 and November 28, 2012 in the amount of $111.00 each.

    13.    Plaintiff's fourth and final payment in the amount of $68.16 was due on or before December 28, 2012.

    14.    Plaintiff made the first payment as agreed.

    15.    The Defendant accepted and did not return this payment.

    16.    Plaintiff made the second payment in the amount of $111.00 as agreed.

    17.    The Defendant accepted and did not return this payment.

    18.    Despite sending the November and December payment as agreed, the Defendant returned both payments to the Plaintiff along with notices stating the account had been returned to Citibank.

    19.    Defendant's notice went on to inform the Plaintiff that they could not accept payments from a consumer credit counseling company.

    20.    The Defendant did not mention the settlement arrangement that was in place and directed the Plaintiff to contact Citibank at 866-922-7093 for future payments.

    21.    Defendant's notice was false and misleading as it listed the Plaintiff's account balance as of December 2012 on this account at $0.00.

22. At that time, a representative from the debt settlement company contacted the Citibank at the number given above and was directed to their Recovery Department at 800-846-8444 to request that they honor the settlement that was in place and being paid as agreed by the Plaintiff.

23. A Citibank representative stated that the Plaintiff's account was never "charged off".

24. Citibank further explained that the account was recalled because the Defendant missed a payment.

25. The representative explained that this was untrue and the Plaintiff had made her payments on time and again asked that the settlement arrangement be honored.

26. Despite knowing that the payments were made on time by the Plaintiff, Citibank refused to accept or honor any prior offers that had been made on this account.

27. Plaintiff was now required to pay the full balance of $644.40

28. Before ending the call, Citibank's agent stated that only if the Plaintiff could prove a hardship, would they be willing to offer her a settlement amount.

29. Defendant's obvious mishandling of this account has resulted in the Plaintiff losing the opportunity to pay an amount that was affording her the chance to settle this account in full.

30. As a direct consequence of Defendants acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

31. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

32. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

33. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

34. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

### **COUNT I – FDCPA**

35. The above paragraphs are hereby incorporated herein by reference.

36. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

37. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

    §§1692d:  Any conduct that natural consequence of which is to harass, oppress or abuse any person

   §§ 1692e:  Any other false, deceptive or misleading representation or means in connection with the debt collection

   §§ 1692e(10): Any false representation or deceptive means to collect a debt or obtain information about a consumer

   §§ 1692f:  Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Monarch Recovery Management, for the following:

 a. Actual damages;

 d. Statutory damages pursuant to 15 U.S.C. §1692k;

 c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

 d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                **Respectfully submitted,**

                                **VULLINGS LAW GROUP, LLC**

**Date: May 9, 2013**          **BY:**    */s/ Brent F. Vullings bfv3485*
                                                          Brent F. Vullings, Esquire
                                                          Vullings Law Group, LLC
                                                          3953 Ridge Pike
                                                          Suite 102
                                                          Collegeville, PA  19426
                                                          610-489-6060
                                                          610-489-1997 fax
                                                          bvullings@vullingslaw.com
                                                          Attorney for the Plaintiff